## Michael O'Brien v. The People.

*Criminal law : Keeping house of ill-fame, etc.: Charge to the jury.* On trial of a charge of keeping a house of ill-fame, resorted to for the purpose of prostitution and lewdness, an instruction to the jury that they must be satisfied from the evidence, both that the house was one of ill fame and that it was resorted to for the purpose charged, and that the former may be proved by reputation, and the latter by the testimony of persons having knowledge of the fact that prostitutes and lewd persons resorted there and committed acts of prostitution, and that in determining the purpose for which such persons resorted there they might take into account also the character or reputation of the house, is not erroneous; the word "resorted" signifies visited frequently; and to hold that when such persons resort to such places no criminal purpose can be inferred, would be absurd.

*Submitted on briefs October 17. Decided October 21.*

Error to Bay Circuit.

*John McNamara,* for plaintiff in error.

*Byron D. Ball, Attorney General,* for the People.

CAMPBELL, J.

Plaintiff in error was convicted under the statute, of keeping a house of ill-fame, resorted to for the purpose of prostitution and lewdness.

Evidence was given both of ill reputation, and of specific acts coming within the statute. In charging the jury the court instructed them that they must be satisfied from the evidence, both that the house was a house of ill-fame, and that it was resorted for the purpose of prostitution and lewdness, and that "the former may be proven by showing the reputation of the house, the latter by the testimony of persons having knowledge of the fact that prostitutes and lewd persons resorted there, and committed acts of prostitution." To this was added the further charge, that "in determining the purpose for which such persons resorted to said house, you may take into account also the character or reputation of said house." This is excepted to.

It is claimed that the charge practically allowed the jury to infer both elements of the offense from proof of one. This would not be allowable. It certainly is possible for persons to have occasion to go to such places on honest errands, and it is also possible, though not common, for houses to be affected by evil repute without deserving it. But in the present case there was distinct evidence of everything necessary to make out the entire charge, and the jury were not allowed to find a verdict unless they believed that testimony. It is not easy to discover how the additional charge became material under these circumstances. But, guarded as it was, there was no error in it. It did not allow the jury to draw any inferences of criminality from the visits of persons generally, but from those of "prostitutes and lewd persons," who "resorted there." This language refers to persons of bad character, and the word "resorted" implies that the house was visited frequently by that class of persons. To hold that when such persons resort to such places no criminal purpose can be inferred, would be absurd. It would be impossible to get in most cases as full and direct testimony as seems to have been given here. And to prohibit a jury from drawing natural inferences from such significant facts as those

which show that a house in bad credit is a resort of that kind of visitors, would not be consistent with good sense.

The judgment is affirmed.

The other Justices concurred.