[S. F. No. 73.   Department Two.—August 20, 1896.]

CHARLES A. CHATEAU, RESPONDENT, *v.* JUSTIN SINGLA, APPELLANT.

PROSTITUTION—LETTING FOR PURPOSE OF.—Under section 316 of the Penal Code, every person who lets any apartment or tenement, knowing that it is to be used for the purpose of assignation or prostitution, is guilty of a misdemeanor.

ID.—PARTNERSHIP—ACCOUNTING.—A partnership formed to carry on the business of letting furnished apartments for the purpose of prostitution is illegal, and neither partner can maintain an action against the other for an accounting of the business; and the fact that the tenements were located in a portion of the city mainly inhabited by prostitutes, who were permitted to remain there by the police, is immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*A. Ruef*, for Appellant.

*A. B. Treadwell*, for Respondent.

HENSHAW, J.—The action is a proceeding in equity by one partner to dissolve a copartnership between himself and defendant, for the appointment of a receiver, for a statement of accounts, and generally for the closing up of the business of the partnership. In the complaint it is averred that the partnership was formed for the business " of subletting and renting certain tenements, and in supplying and furnishing the necessary

household furniture therein to fit the same for habitations and dwellings for human beings." Further averments of the complaint were that the defendant had excluded plaintiff from all share in the proceeds and profits of the partnership, and from all dealings with the partnership property, and had collected rents and profits of the partnership which he claimed to own and hold as his individual property, and for which he refused to account.

Defendant admitted the partnership, made denial of any and all the wrongful acts charged against him, and for a further and separate defense averred that the copartnership was and is illegal, against good morals and against public policy, "in this, that the same consisted in the letting, subletting, leasing, and hiring of said tenements and premises in the complaint set forth, and the furniture therein contained, for immoral and unlawful purposes, to wit, for the purpose of maintaining, keeping, and conducting, and carrying on brothels and houses of ill-fame, and houses, places, apartments, and resorts for the purposes of assignation and prostitution, and that the business carried on by said copartnership has been the letting of said premises, tenements, and furniture for such purposes, and that the plaintiff, at the time of entering into and forming said copartnership, and at all times since, well knew that such was to be and was the business of said copartnership, and that said copartnership was carrying on said business and letting said premises and furniture for the purposes aforesaid, and that all the rents received or collected by or on account of said copartnership, from the tenants in the complaint referred to and mentioned, were received and collected as rents for the houses and apartments used for the purposes aforesaid."

The court found "that the said copartnership business has not at any time, never has been, and is not now, illegal, against good morals, or against public policy; that said copartnership firm simply rented the real property from one David M. Richards, between said

December 30, 1890, and October 31, 1893, and then and
thereafter sublet said property, consisting of four tene-
ments, to four common prostitutes, and that said com-
mon prostitutes, during all of said time, have been
common prostitutes, supporting themselves by prostitu-
tion at said premises; that said prostitutes, as tenants of
said copartnership firm, composed of plaintiff and de-
fendant, paid to said copartnership the rents of said
premises so occupied and hired by said tenants of and
from said copartnership, and that said copartnership
firm, and the individual members thereof, are not par-
ticipants in any manner with said prostitutes in carry-
ing on said business of prostitution; that said premises
are situate in a section of this city and county of San
Francisco occupied mainly and largely by common pros-
titutes, and said common prostitutes, including the ten-
ants of said copartnership firm, are permitted and allowed
by the police authorities of the city and county of San
Francisco to carry on their said business in said district
and on said premises."

The court then proceeded to decree a dissolution of
the partnership and the winding up of its affairs, in-
structing the receiver to hold the partnership property,
effects, moneys, debts, etc., subject to the further order.
of the court.

It is difficult to see how the court, in view of the evi-
dence and of the law, could have found that the copart-
nership business was not illegal, against good morals,
and against public policy. Section 316 of the Penal
Code declares that every person who lets any apartment
or tenement, knowing that it is to be used for the pur-
pose of assignation or prostitution, is guilty of a misde-
meanor. If this contract of copartnership had for its
purpose the letting of apartments for purposes of pros-
titution, and if the business of the copartnership, as
pleaded by the answer, was the doing of this precise
thing, then the copartnership contract was illegal, against
good morals, against public policy, and against the ex-
press mandate of the statute, and equity would no more

entertain an action founded upon such contract for the relief of either of the parties to it, than it would entertain an action between two thieves for an equitable division of their plunder. A void contract, a contract against public policy or against the mandate of the statute, may not be made the foundation of any action, either in law or in equity. (*Estate of Groome,* 94 Cal. 69; *Buck* v. *Eureka,* 109 Cal. 504; Parsons on Partnership, 4th ed., sec. 8; Lindley on Partnership, 105.)

That this partnership was based upon such an illegal contract and had for its business purpose the unlawful act of letting furnished apartments for purposes of prostitution, the evidence does not for a moment permit us to doubt. Going no further into its consideration than is necessary, the testimony of the plaintiff himself concludes the question. He says: "The houses are used for purposes of prostitution and no other purpose, and the women who occupy them are common prostitutes. When I sold Mr. Singla a half interest in this business, and took him in as a partner, I knew what these houses were being used for. We were to rent the houses for women to carry on the business of prostitution there, and, on getting the leases from Mr. Richards on the several occasions, it was for the purpose of being able to sublet the premises for those purposes." The evidence of the defendant, Singla, is identical in effect, and throughout the whole record there is no conflict upon the subject.

The latter portion of the finding, to the effect that the section of the city where these tenements are located is mainly inhabited by prostitutes, who are permitted to remain there by the police authorities, is meaningless in the case. Public policy is not made or unmade by the acts or omissions of a police department, nor will it be contended that the police department may abrogate a penal statute or annul an express mandate of the law.

The finding, therefore, that the copartnership business was not illegal is unsupported, and cannot stand. It must fall, and with it must fall the judgment and de-

cree which depend upon it.   The cause must be reversed, with directions to the trial court to take evidence and determine in accordance with these views whether or not the business of the copartnership was the letting of apartments or tenements for the purpose of assignation or prostitution, knowing that the same were to be so used.   If it shall determine that such was in truth the purpose for which the copartnership was formed, and that such was the business which the copartnership conducted, it will deny to either party in this proceeding any relief.

It is ordered accordingly.

McFARLAND, J., and TEMPLE, J., concurred.