fact bearing upon the question of negligence of the defendant. In the refusal of the court to charge such proposition as applied to the present case, there was no error prejudicial to the plaintiff. Inasmuch as the plaintiff was seated in the car, no danger to her was reasonably to be apprehended from its velocity there. If the request to charge had related to the velocity with which the car struck the curve, causing an unusually violent jerk of it, a different question possibly might have been presented to the trial court, and for consideration on this review, if it had not been submitted to the jury. No view, however, is now expressed upon that subject.

As a whole, the case was fairly tried, and the questions of fact legitimately arising upon the evidence were submitted to and determined by the jury; and, as the verdict cannot be treated as against the weight of evidence, the judgment and order should be affirmed. All concur, except BARTLETT, J., dissenting.

(10 App. Div. 64.)

## HENAVIE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.    November 13, 1896.)

1. RAILROADS—INJURY TO PERSONS ON TRACK—REFUSAL TO CHARGE.
   It is reversible error for a court to refuse to charge that looking up and down car tracks while standing on a curbstone from which a person started to cross the tracks was not a compliance with his legal obligations, and, if he did not look after he had left the curb, a recovery cannot be had.

2. SAME—CONTRIBUTORY NEGLIGENCE—WHAT CONSTITUTES.
   A person was guilty of contributory negligence who walked out from a curb, saw a train a block away, and, without waiting to see if it was approaching, stepped on a track, where he was struck by the train and killed.

Appeal from trial term, New York county.

Action by Peter Henavie, as administrator of Patrick Henavie, deceased, against the New York Central & Hudson River Railroad Company, for personal injuries. From a judgment for $4,000 damages and $336.10 costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

D. W. Tears, for appellant.

R. P. Harlow, for respondent.

VAN BRUNT, P. J.    This action was brought to recover damages for the death of the intestate, the plaintiff's son, on the 5th of April, 1895, resulting from injuries alleged to have been caused by the negligence of the defendant. The defendant in this action operates a steam railroad on Eleventh avenue, in the city of New York; and on the night in question, between 9 and 10 o'clock, the deceased, while attempting to cross Eleventh avenue, at or near the south crosswalk of Forty-Fifth street, from east to west, was struck by an engine drawing freight cars, and killed. The witnesses upon the part of the plaintiff testified to seeing the

deceased at or near the curbstone at the southeast corner of Eleventh avenue and Forty-Fifth street, and there is evidence from which the jury might find that the deceased looked up and down the avenue at this spot. He then started to cross the street, and, upon reaching the most easterly rail of the tracks of the defendant, he was struck by the engine, run over, and killed. These witnesses testified to seeing the headlight of the train either in the middle of the block between Forty-Fourth and Forty-Fifth streets, or as low down as Forty-Fourth street. They testified that they could not tell whether or not the train was in motion, it being impossible, when a train is not moving faster than this one, to determine that fact from simply seeing the headlight. It was a clear night, and nothing .obstructed the view of the deceased. There was another train coming down the avenue upon the other track, and the accident happened just as the two trains were about passing each other. There is no evidence that the deceased looked either one way or the other after he started to cross the avenue. The distance between the curb and the easterly rail of the track was 22 feet 3½ inches. It appears from the evidence that, when the deceased reached the easterly rail, the engine was there, and, as already stated, struck him. One of the witnesses testified that the train was proceeding at the rate of about 12 miles an hour; another, that it was going faster than horse cars ordinarily went. But the evidence was entirely unsatisfactory, because it appears from their testimony that the witnesses could not tell whether the train was in motion or not, or its exact location when they first saw the headlight. It is difficult to understand how, under these circumstances, they could form a judgment as to the speed of the train. ' Some of the witnesses upon the part of the plaintiff swore that they did not hear any bell rung. One swore that it was not rung. And it is conceded that no whistle was blown, and that it was not customary in going through the streets to blow a whistle. At the close of the case, a motion was made to dismiss the complaint, which was denied. The defendant called as witnesses the engineer and fireman of the train in question, who testified that the bell was ringing. The fireman testified to seeing the deceased before he reached the track, but that he did not expect that he would go upon the track; and that, as soon as he was assured of this fact, he called to the engineer, who stopped the train as quickly as possible.

The case was submitted to the jury, and the court was requested by the defendant's counsel to charge that looking at the curbstone, the point where the man started, was not a compliance with the legal obligation resting upon the deceased, and that, if the deceased did not look to the south after he had left the curb, a recovery cannot be had. This request was refused, and we think erroneously so. In the case of Tucker v. Railroad Co., 124 N. Y. 308; 26 N. E. 916, it was distinctly held that not looking before stepping upon the track was negligence; and this seems to be the tendency of decisions. For a party, upon approaching a steam railroad, to look when he is 22 feet from the track, and not to look

again, is certainly not using that diligence which a person of ordinary prudence would use before crossing tracks of that description. We think, therefore, that the court failed to hold the deceased to that degree of care which a person of ordinary prudence would exercise under the facts disclosed by the evidence in the case.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

INGRAHAM, J. I concur in the reversal of this judgment, upon the ground that there is no evidence to justify the finding that the plaintiff was not guilty of contributory negligence. The accident happened between 9 and 10 o'clock at night, on Eleventh avenue, in the city of New York, on April 5, 1895. One witness says that he saw the deceased start to walk across the street, whistling; that, the first thing he knew, there was a crash there, and the man was under the cars. The other witness produced by the plaintiff testified that he saw the deceased just as he started to cross the street; saw him look up and down. Both witnesses testified that they saw the headlight of the engine that struck the deceased when the deceased started to go across, but that it appeared to be standing still; and one of the witnesses adds that when an engine is a block away, going at the speed that this engine was going, it is impossible to tell whether the engine is standing still or approaching. These witnesses say that the deceased looked both ways. There is no evidence to show that his eyesight was impaired, or that he was not in possession of his faculties. He must therefore have seen this engine at the time the witnesses saw it; and it would seem probable that he came to the same conclusion that they did, that it was standing still, and then proceeded to cross the track, without waiting to ascertain whether such conclusion was correct or not. The engine was one block away from the deceased when he started to cross the track. It would manifestly take but a short time for the engine to run that distance; and the witness testified that, at the time the man got to the first rail of the track,—that is, the east rail of the east track,—the train had got there. "It was a freight train. I could not tell how many cars." The car, therefore, struck the deceased just as he stepped upon the track. He only looked as he left the curb, and then must have seen the engine, as a bright headlight was burning, and it was plainly visible. He then proceeded to cross the track, without looking or stopping to see whether or not the train was standing still, as he must have assumed, and without taking the slightest precaution to protect himself from injury. The engineer of this train would not be expected to anticipate that this plaintiff would have stepped upon the east rail of this track, right in front of the approaching car, in such a way as to expose himself to being run over. Under these circumstances, I can see nothing to show that this engine driver was negligent in not stopping as it approached this place. But, whatever may be said as to the negligence of the defendant, it seems quite clear that the plaintiff has failed to prove

that the deceased was free from contributory negligence. On the contrary, it is proved that he was guilty of such negligence, and that the accident was the direct result thereof. He walked out from the curb, saw a train a block away, and, without waiting to see whether the train was approaching, deliberately stepped upon the track, when he was struck. From this state of facts, it is impossible that this accident should have happened except for the carelessness of the deceased, who deliberately placed himself in front of an approaching engine, without taking the slightest means to ascertain whether the train, which he must have seen upon the track, was approaching.

I concur with the presiding justice, therefore, that the judgment should be reversed.

VAN BRUNT, P. J., and BARRETT, J., concur.