(17 App. Div. 470.)

### SHEDLINSKY v. BUDWEISER BREWING CO., Limited.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

LEASE—VALIDITY—ILLEGAL PURPOSES.
　　A lease of premises to be used only as a liquor saloon is not void because they are within the prohibited distance of a schoolhouse (Laws 1892, c. 401, § 43, as amended by Laws 1893, c. 480), where it does not appear that a license could not have been obtained for the premises by transfer from other premises within the prohibited distance as provided by said section 43.

Appeal from trial term, New York county.

Action by Moses Shedlinsky against the Budweiser Brewing Company, Limited, for rent. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

F. E. Dana, for appellant.

A. Stern, for respondent.

PARKER, J. The plaintiff leased certain premises situated within 200 feet of a school building in the city of New York to the defendant for a term of three years from May 1, 1895, to be used as a liquor saloon. The lease contained the following clause: "The said party of the second part covenants and agrees to use the said rented premises only for a liquor saloon." Defendant had no license to carry on the saloon business at this place, and urges that this contract of leasing was for an illegal purpose, and therefore an action will not lie to enforce it. If it were not possible, at the date of this contract, to conduct a liquor saloon lawfully in these premises, then defendant's position is impregnable. But we are not advised by this record that such was the fact. The statute provides, in effect, that no new license shall be granted within 200 feet of a building occupied as a church or a schoolhouse, but the board of excise may, in its discretion, grant permission to transfer a license from premises within the limits above mentioned to other premises within said limits, but at a greater distance from the principal entrance of a church or school. It does not appear that a license could not have been obtained for these premises in the way pointed out by statute. And the law will not presume that the parties to this contract intended to have an unlawful business carried on when a lawful business was possible. It follows that the defendant failed to establish that the parties contracted for the conduct of a business in violation of the statute.

The judgment should be affirmed, with costs. All concur.