JOHN CONLEY, as Administrator, etc., of ANN CONLEY, Deceased, Respondent, *v.* THE ALBANY RAILWAY, Appellant.

*Negligence — woman killed at a street crossing by an electric car — duty to look again, after a car has passed on the nearest tracks and after she leaves the street curb, before crossing the further tracks.*

In an action brought against a street electric railway corporation to recover damages for the death of a woman who, while attempting to pass over a crossing on a street, through which the defendant's tracks ran easterly and westerly, after dark during a severe storm of wind and rain, which made it impossible even with the aid of an electric light to see the width of the street, was struck

and killed by an east-bound car having its headlight burning, the question whether the woman, after stopping at the curbstone until a west-bound car on the track nearest her had passed, was negligent in immediately venturing upon the further track, while holding her umbrella raised in a westerly direction, without looking again to see whether a car was approaching from the west upon that track, is one of fact for the jury; and it is erroneous for the court to charge that if, when she looked from the curbstone, she saw no car coming on the further track she would have a right to cross immediately in the rear of the west-bound car without looking again.

APPEAL by the defendant, The Albany Railway, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 11th day of December, 1896, upon the verdict of a jury for $6,065 and costs; also from an order entered in said clerk's office on the 12th day of December, 1896, denying the defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 11th day of December, 1896, granting the plaintiff an extra allowance of costs.

*Simon W. Rosendale*, for the appellant.

*E. Countryman*, for the respondent.

LANDON, J. :

The action was to recover damages for the death of the plaintiff's intestate, charged to have been caused by the negligence of the defendant. At about seven-forty o'clock on the evening of May 23, 1893, Mrs. Conley, the plaintiff's intestate, a woman forty-two years of age, in good health, accompanied by her daughter, about twelve years of age, while attempting to walk across Washington avenue, a street running easterly and westerly in front of the north side of the State Capitol in the city of Albany, was struck by a trolley car of the defendant, passing easterly down street and down hill upon the southerly track of its two tracks, and was killed.

The question whether Mrs. Conley's death was caused by the negligence of the defendant was, we think, one for the jury upon all the evidence. Respecting the question whether she by her negligence contributed to her own death, the evidence was less instructive, and we are called upon to consider whether the charge of the court to the jury in that respect was erroneous and prejudicial to the defendant. The plaintiff claimed that the evidence

tended to show that Mrs. Conley, when she reached the north curbstone of Washington avenue, at the northwest corner of the intersection of the avenue with Hawk street, saw a car moving up the avenue upon the northerly track of the defendant; that she stopped and waited for it to pass up; that it did pass up over the upper crosswalk — the one directly in front of her, which she intended to take in crossing the avenue — and stopped just above the upper crosswalk and took on a passenger; that Mrs. Conley, while she was so stopping, looked up Washington avenue, and, seeing no car coming upon the down or southerly track, walked upon the crosswalk past the rear end of the up car, looked, as she emerged from behind that car, up the southerly track again, and, seeing no car, stepped upon that track, when she was struck by the down car and killed. The evidence on the part of the defendant tended to show that there was no up car standing near the upper crosswalk when the down car passed over it; that the up car was then at least 1,000 feet up the street above the crosswalk; that Mrs. Conley, without looking to see whether a car was coming down upon the south track, stepped upon it, and thus was struck by the car. It was undisputed that at this time a severe rain and wind storm was at its height, the rain falling heavily, the wind high, chopping about in varying gusts, but mainly from the northwest. It was after dark; there was an electric light on the south side of the street, midway between the two crosswalks, which were forty-nine feet apart, but the storm was so severe that a person standing in the porch of the capitol could not see entirely across Washington avenue, the carriageway of which, excluding the sidewalks, is fifty-nine feet wide. Mrs. Conley carried an upraised umbrella and held it so as to shield her head from the storm. The down car, which struck Mrs. Conley, was lighted inside and carried a lighted electric reflector headlight at the top of the car in front. It is thirty-one and sixty-four one-hundredths feet from the north curbstone of Washington avenue to the north rail of the south track. Whether Mrs. Conley looked up the down track just before stepping upon it or stepping within the reach of the car upon that track, was a controverted question and important, unless, as a matter of law, reasonable care did not require her thus to look.

The learned trial judge charged the jury: "If Mrs. Conley, while she stood at the northwest corner of Washington Avenue and Hawk

Street, looked up the track and saw no car coming — if you find from the evidence that was the fact — she would have had the right to cross in the rear of the car going up — if that was the fact — without again looking after passing the rear of the up car. Providing, of course, she started off immediately." Then the learned judge repeated the instructions in another form.

We assume from the verdict that the jury found the facts to be as the learned trial judge hypothetically stated them. They were thus authorized by the trial court to find for the plaintiff, although Mrs. Conley did not again look up the track after she emerged from the rear of the up car. This, we think, was error. Whether Mrs. Conley ought to have looked as she passed from behind the up car, notwithstanding she had looked when standing upon the north curbstone, was not a question of law, but a question of fact for the jury. It was Mrs. Conley's duty seasonably to look up the track before entering upon it. Grant that she had looked when she stood upon the curbstone. She looked out into the darkness and the driving storm. But for that she could have seen the headlight of the down car 1,000 feet up the track. It probably was then not so far away. Ought she not to have considered that the storm was a blinding one, and that hence she had need of greater care? Her care must be measured by the dangers reasonably to be apprehended. She held her umbrella towards the coming down car. Was her dress more important than her safety? Should she not, under all the circumstances, have looked again when she was nearer the place where the down car might be met, and, if near, could be clearly seen? On the other hand, what more could reasonably be expected of her in such a storm? Its severity and discomfort urged her to haste. She had the right to cross the street, to use her umbrella to protect her person. She had the ordinary instinct of self-preservation. Is she to be reproached with negligence because she failed to be as deliberate and cautious as if under no disturbing surroundings?

In *Tucker* v. *N. Y. C. & H. R. R. R. Co.* (124 N. Y. 308) and in *Henavie* v. *Same Defendant* (10 App. Div. 64) it was held that the failure to look a second time, when the first look was made even nearer the track than in the case before us, was negligence. The storm factor was not present in those cases. Here, under all the circumstances, it seems to be true that some fair minds would hon-

estly accuse Mrs. Conley of negligence, and other minds, equally fair, would honestly excuse her. Thus it is that in close cases, however it may be in cases where the negligence is so plainly shown as to admit of no division of opinion among fair men, the question is for the jury and not for the court. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355.)

This view leads to a reversal. It also disposes of the request of the appellant to have the court charge that whether or not Mrs. Conley had looked at the corner of Washington avenue and Hawk street, she was bound to look, and was not exempted from looking, before she stepped upon the down track. It was for the jury, and not for the court, to respond to this question.

All concurred, except HERRICK, J., not sitting.

Judgment and order reversed and a new trial granted, costs to abide the event.