Order reversed, without costs, case remitted to trial judge for resettlement.

---

ANDREA ROMANO, Respondent, *v.* JACOB BRUCK, Appellant.

(City Court of New York, General Term, December, 1898.)

**New York city — A lease of the sidewalk within the stoop-line is void.**

A lease by an abutting owner of a part of a sidewalk in the city of New York within the stoop-line, in payment of a fixed rent, is illegal and void as contrary to a city ordinance, regulating the use of sidewalks in the city within the stoop-line, and forbidding compensation to the abutting owner.

APPEAL from a judgment entered on a verdict rendered by a jury in favor of plaintiff and from an order denying defendant's motion for a new trial made on the minutes.

J. Rieger, for appellant.

M. O. Roberts, for respondent.

SCHUCHMAN, J.    The action is brought to recover five months' rent due on a lease in writing made between plaintiff and defendant demising a certain area six feet long and three feet wide, in front of the house known by No. 17 Prince street in the city of New York, and within the stoop-line for the erection of a soda-water fountain.

The defendant admits the making and delivery of the lease, but sets up as a defense that the lease is void inasmuch as the making of it and the leasing of the said area, which constitutes a part of a public highway, is unlawful under a city ordinance. The city ordinance is as follows:

"An ordinance to regulate the use of the sidewalks of the streets of the city of New York, within the stoop-line, for stands for the sale of newspapers, periodicals, fruit and soda water.

" Hereafter each applicant for a permit to occupy a portion of any street within the corporate limits of the city of New York, inside the stoop-lines with a stand or booth for the sale of any or either of the articles named in the title to this ordinance   *   *   *   shall file an application in the office of the clerk of the common council, accompanied by the consent in writing, signed by the owner or owners in front of whose property it is proposed to erect such stand or booth, consenting thereto and stating that such consent is granted without payment therefor, and that no rent or other compensation is to be exacted by or paid to the owner of such premises.

" Such stand must be within the stoop-line, and shall not be an obstruction to the free use of the street by the public, nor exceed six feet long by four feet wide, and such permission shall continue only during the pleasure of the common council or until revoked as hereinafter provided.

" No rent or other compensation shall be paid by or on behalf of the licensee, to or on behalf of the owner or occupant of the property in front of or adjacent to which it is proposed to erect such stand or booth.

" The dimensions of the stand must be confined strictly to the limits above specified."

At the end of the case defendant's attorney moved for a dismissal of the complaint on the ground that the contract sued upon being an illegal one, could not be enforced and no cause of action could be based thereon.   Said motion was denied and defendant duly excepted to the ruling.

We think the court erred in this ruling and that the motion to dismiss should have been granted.

The legislature of a state may delegate to municipal corporations the power to make ordinances, and when properly passed, they have a force and effect of the legislative act within the limits prescribed for it.

The lease demising part of the public highway as set forth, is illegal, because it is unlawful under said ordinance and cannot, therefore, be enforced.   The inflexible rule is that no remedy can be had in a court of justice on an illegal contract.   Saratoga Co. Bk. v. King, 44 N. Y. 87; Brinkman v. Eisler, 40 N. Y. St. Repr. 865.

The judgment and order appealed from are reversed and a new trial is granted, with costs to the appellant to abide the event.

McCARTHY and OLCOTT, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.