amount was a resale of the property." The question, however, we are discussing, was not directly passed upon, viz. whether, upon such a sale the property being bid in by the vendor himself, the measure of damages is the difference between such bid and the contract price. That case (Moore v. Potter) is authority for the proposition that in selling the vendor is not the agent of the vendee. "To say, then, that the vendor becomes the agent of the vendee in making the sale is not quite correct, and is to be regarded at most as a mere fiction of law, and the beneficial title does not pass to the vendee." It is a strain on reason, then, to conclude that a man can sell to himself, and thus establish a basis of value by which to measure damages; for after, just as before, the sale, title and possession remain in the same person. We think that it is necessary, in order to recover the difference between the auction price and the contract price, that there must be an actual sale, made in good faith, resulting in the passing of title out of the vendor.

We think the judgment should be affirmed, with costs. All concur.

---

HENAVIE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

RAILROADS—INJURY TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.
     A person who, seeing an approaching train, takes the chances of passing over the track ahead of it, is negligent.

Appeal from special term, New York county.

Action by Peter Henavie, as administrator of Patrick Henavie, deceased, against the New York Central & Hudson River Railroad Company, for damages for alleged negligence in causing the death of his intestate. Plaintiff excepted to a judgment dismissing the case, and the exceptions and a motion for new trial were ordered to be heard in the first instance by the appellate division. Exceptions overruled, and new trial denied.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George W. Miller, for plaintiff.
Charles C. Paulding, for defendant.

McLAUGHLIN, J. This action has been twice tried. On the first trial the plaintiff had a verdict, but on appeal the judgment entered thereon was reversed, and a new trial ordered. Henavie v. Railroad Co., 10 App. Div. 64, 41 N. Y. Supp. 935. Upon the second trial the plaintiff, under stipulation read from the printed case used on the former appeal, selected portions of the testimony taken on the former trial, and supplemented it by the testimony of only one witness. At the conclusion of the plaintiff's case, upon defendant's motion, a nonsuit was granted. Judgment was thereafter entered dismissing the complaint, from which the defendant has appealed.

The testimony introduced on the last trial did not change the case in any material aspect from what it was on the former appeal, and

this court then held that the evidence did not establish the fact that the defendant was guilty of any negligence in causing the death of plaintiff's intestate. Referring to the evidence from which it was then claimed that the negligence of the defendant had been established, Mr. Justice Ingraham said:

"The engineer of this train would not be expected to anticipate that this plaintiff would have stopped upon the east rail of this track, right in front of the approaching car, in such a way as to expose himself to being run over. Under these circumstances, I can see nothing to show that this engine driver was negligent in not stopping his train as it approached this place."

A majority of the judges sitting on the former appeal also held that the evidence did not show that the intestate himself was free from contributory negligence. But it is now claimed that the oral testimony given by Harrigan, the one witness called on the last trial, did establish that fact. This witness testified:

"I am the witness from whose testimony you have just been reading. I have been examined in this case before. * * * I remember the night of this accident, April 5, 1895. I noticed Henavie, who was killed, after he left the curbstone, and during his progress to the track where he was hurt. I did not see what he was doing while he was passing over the part of the street intervening between the curbstone and the track. * * * He looked up and down like that (illustrating). When I saw him do that he was about the center between the track and the curb. At that time the passenger train was in sight. I seen it come. The movements of his head was like that (illustrating); moved up and down. I cannot very well tell which way he looked first. He looked both ways."

The oral testimony of this witness, when considered in connection with that which was read from the printed case on the former appeal, did not establish, and it would not have authorized the jury to have found, under the former decision, that the intestate was free from negligence. In that part of the testimony of this witness which was read he said that he saw the headlight of the approaching train at the time the intestate first looked, and the intestate was then at the curbstone, and the train was at Forty-Fourth street. It is apparent, therefore, that, if the intestate looked again while between the curbstone and the track, he must have seen the train. The only conclusions possible are either that he did not look when he turned his head in that direction, or that he saw the approaching train, and took the chances of passing over the tracks ahead of it. That he was negligent under the first assumption was determined by the court on the former appeal. If the second conclusion be adopted, then it is equally clear that he was negligent. Connelly v. Railroad Co., 88 N. Y. 346.

It follows that the defendant's exceptions must be overruled, and the motion for a new trial denied, with costs. All concur.