[Sac. No. 596.   Department Two.—November 22, 1899.]

G. B. DEMARTINI, Appellant, v. W. A. ANDERSON, Executor, etc., Respondent.

LEASE OF HOUSE—IMMORAL PURPOSES —KNOWLEDGE OF LESSOR—VOID CONTRACT.—A lease of a house for a term of years for the purpose of conducting it as a house of prostitution and assignation, with the knowledge and consent of the lessor, is unlawful and void; and a court will not aid either party in an attempt to enforce such a contract.

ID.—EVIDENCE—BAD CHARACTER OF INMATES—REPUTATION OF HOUSE.— Evidence is admissible to prove the bad character and reputation of the inmates and frequenters of the house leased, and to prove the reputation of the house as a house of ill-fame, both prior and subsequent to the date of the lease.

ID.—PRIOR REPUTATION—KNOWLEDGE OF LESSOR—ESTOPPEL.—Evidence of the prior bad reputation of the house before the date of the lease is not only admissible as tending to show its reputation afterward, but also as tending to show the knowledge of the lessor, who may not shut his eyes to that which is patent to the community. and stop his ears from that which has become notorious among his neighbors, and say he has no actual knowledge.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.    Matt. F. Johnson, Judge.

The facts are stated in the opinion of the court.  ·

L. T. Hatfield, for Appellant.

A. A. De Ligne, Johnson, Linforth & Whitaker, and Hiram W. Johnson, for Respondent.

McFARLAND, J.—Appeal by plaintiff from a judgment in favor of defendant, and from an order denying his motion for a new trial.

The action is against the respondent Anderson, as executor of Manuel Dubois, deceased, to recover rent upon a written lease of a certain house and premises on Third street in Sacremento city.   It is alleged that the lease was executed by appellant and the deceased on the first day of April, 1895, and was for a term of five years from and after that date, at the rental of fifty dollars per month, which the deceased, as lessee, promised to pay; that he paid the rent until his death, which occurred in April, 1897; and that since then respondent has refused to pay any rent and has repudiated the lease.   The defense was that the house was leased by the deceased from appellant for the purpose of conducting it as a house of prostitution and assignation, and that appellant knew of this purpose at the time of the execution of the lease; and that the lease, having thus been made for immoral purposes, against good morals and public policy, was and is illegal and void.   The court found the facts to be as averred in the answer—that at the time of the execution of the lease the house was a house of prostitution, and was conducted as such with the knowledge and consent of appellant; that it continued to be so conducted from the date of the lease to the death of the deceased with the knowledge and consent of appellant; and that it was rented to the deceased by appellant with the latter's knowledge that it was to be used for the purposes aforesaid.

If the lease, with the knowledge and consent of appellant, was made for the purposes alleged in the answer and found by the court, it was unlawful and void; and a court will not

aid either party in an attempt to enforce such a contract. (Civ. Code, sec. 1667; Pen. Code, sec. 316; *Chateau v. Singla,* 114 Cal. 93; 55 Am. St. Rep. 63.)

The contention of appellant—waiving the objection of the respondent that there are no sufficient specifications—that the evidence did not justify the findings above referred to, cannot be maintained; it is sufficient to say that it would be difficult to conceive how the court could have been justified in not finding as it did.

The only contention for a reversal which calls for especial notice is that the court admitted evidence which was inadmissible and prejudicial to defendant. On this subject the transcript shows one hundred and one specifications of alleged errors; but the main points to be gathered from them all are that the court erred in receiving evidence of the characters of the inmates of the house and of the reputation of the house itself as one of ill-fame.

As to the evidence of the characters of the inmates and frequenters of the house, the cases seem to all concur in holding it admissible. In section 1452 of 2 Wharton's Criminal Law the author, although he somewhat questions the rule that the bad reputation of the house may be shown, says: "But however this may be, it is settled that the bad reputations of the persons visiting the house may be put in evidence"; and as the current of authorities is all that way the question need not be further discussed.

Whether or not the reputation of the house, itself, as one of ill-fame may be shown, is a question about which the cases are somewhat conflicting; but we think that the weight of authority, and the better reason, support the affirmative of the proposition. It has been so held in a large number of states, and the following are some of the cases which so hold: *Sylvester v. State,* 42 Tex. 496; *Morris v. State,* 38 Tex. 603; *Allen v. State,* 15 Tex. App. 321; *State v. McDowell,* Dud. (S. C.) 346; *King v. State,* 17 Fla. 183; *O'Brien v. People,* 28 Mich. 213; *Betts v. State,* 93 Ind. 375; *Graeter v. State,* 105 Ind. 271; *State v. Brunell,* 29 Wis. 435; *State v. Smith,* 29 Minn. 193; *Territory v. Bowen,* 2 Idaho, 607; *Drake v. State,* 14 Neb. 535; *Cadwell v. State,* 17 Conn. 467; *Commonwealth v. Kimball,* 7 Gray, 328.

(See, also, Moore's Criminal Law, par. 1072, and cases there cited to support the statement in the text that "a house of ill-fame may be proved to be such by direct evidence, or by reputation, or by circumstances—as that the inmates were reputed to be prostitutes.") We are much more impressed with the reasoning and consistency of the cases which hold that evidence of the reputation of a house of prostitution is admissible than with the reasoning and consistency of those cases which hold differently; for the latter, while excluding evidence of the reputation of the house, permit evidence of the reputation of the inmates of the house for the purpose of showing that it is a house of prostitution—and this seems to be a distinction without much difference.

Nearly all the cases to which we have been referred by counsel on both sides were criminal cases where parties were being criminally prosecuted for either keeping houses of prostitution or leasing them for that purpose; but if the rule as above stated applies to a criminal prosecution where a man's liberty is at stake, it certainly applies with more force to a mere civil case where nothing is involved except property.

Appellant complains because evidence was admitted tending to show the character of the house some months before and down to the time of the execution of the lease; but this evidence was clearly admissible as tending to show the appellant's knowledge of the character of the house and for what it was used, and what it was expected to be used for. Knowledge, of course, had to be brought home to the appellant, and evidence tending to show that knowledge was properly admitted. In *Graeter v. State, supra,* the court said: "The owner of a house so occupied may not shut his eyes to that which is patent to the community around him, and stop his ears from that which has become notorious among his neighbors, and say he has no actual knowledge"; and in *Cadwell v. State, supra,* the court said: "Evidence of reputation of the house previous to a particular time conduces to show its reputation afterward."

The appellant's brief consists to a very great degree in the mere copied statements of his specifications of errors as they appear in the transcript; and we think that what has already been hereinbefore said disposes of the material points upon

which the claim for a reversal of the judgment is based.   We think that the case was properly tried and correctly decided; and we see no reason for disturbing the judgment of the court below.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.