[Civ. No. 552. First Appellate District.—February 9, 1909.]

FRANK DUNN and WILLIAM T. DUNN, Respondents, **v.** RICHARD and JOHN STEGEMANN, Copartners, etc., and THE SAN FRANCISCO BREWERIES, LIMITED, a Corporation, Appellants.

ACTION FOR RENT—VOID LEASE FOR SALOON PURPOSES—PROXIMITY TO CHURCH—VIOLATION OF CITY ORDINANCE.—No action for rent can be maintained upon a lease knowingly executed by both parties for saloon purposes within one hundred feet of a church in express violation of a city ordinance providing that no saloon shall be permitted or licensed within one hundred and fifty feet of a church.

ID.—CONTRACT IN VIOLATION OF LAW—RELIEF DENIED TO EITHER PARTY.—No recovery can be had by either party to a contract having for its object the violation of law.

ID.—FACTS WELL KNOWN—PARTIES CHARGEABLE WITH KNOWLEDGE OF LAW.—Where the facts making the saloon business to be conducted on the leased premises unlawful were well known to both parties, they are both chargeable with knowledge of the law making their contract invalid and unenforceable.

ID.—UNTENABLE CROSS-COMPLAINT FOR MONEYS SPENT IN FITTING UP SALOON.—No relief can be granted to the defendants against the plaintiff by way of cross-complaint for moneys expended by them in fitting up the leased premises for a saloon to be conducted thereon in violation of law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. G. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Bishop & Hoefler, for Appellants.

Campbell, Metson & Drew, and S. D. Woods, for Respondents.

HALL, J.—Appeal from judgment against defendants and order denying defendants' motion for a new trial.

The action was brought by plaintiffs, as the lessors, to recover rent for certain premises, situate in the city and county of San Francisco, let to the Stegemanns. The San Francisco Breweries, Limited, guaranteed the payment of the rent and other covenants to be performed by Stegemann Bros.

No issue is made in the pleadings as to the execution of the lease, which is set forth in full in the pleadings.

The lease contains the following provision: "The said parties of the second part [lessees] agree not to directly or indirectly use, or allow to be used, the said premises for any other purpose than that of saloon and cigar-stand without the written consent of the parties of the first part."

In response to certain issues presented by the pleadings the court found, "That the charter and ordinances of the city and county of San Francisco provide that no person shall engage therein in the sale of liquor as retail liquor dealer or saloon-keeper without first securing a permit or license therefor in the said city and county of San Francisco, and that no permit or license shall be granted for such sale in any premises situated within one hundred fifty (150) feet of a church."

"That at all the times mentioned in the said agreement and in the pleadings herein a church stood within one hundred feet of the premises described in said agreement," and that this fact was well known to both plaintiffs and defendants. This last finding is in accordance with plaintiffs' answer to defendants' cross-complaint.

It thus appears that the saloon business could not be carried on in the demised premises without a violation of law. Under the charter and ordinances of the city and county of San Francisco such business could not be carried on without a license at any place in the city and county of San Francisco, and no license could be granted to carry on such business in the said premises. The business for which the premises were let could not be carried on in said premises without a violation of the charter and ordinances of the city and county of San Francisco as well as the Penal Code of the state. (Pen. Code, sec. 435; *In re Lawrence,* 69 Cal.

608, [11 Pac. 217]; *Ex parte Stephens,* 114 Cal. 278, [46 Pac. 86].)

The facts making such business unlawful were well known to the plaintiffs and defendants, and they are chargeable with knowledge of the law. It is well established that no recovery can be had by either party to a contract having for its object the violation of law. The courts refuse to aid either party, not out of regard for his adversary but because of public policy. Where it appears that a contract has for its object the violation of law, the court should *sua sponte* deny any relief to either party. (*Demartini* v. *Anderson,* 127 Cal. 33, [59 Pac. 207]; *Chateau* v. *Singla,* 114 Cal. 91, [55 Am. St. Rep. 63, 45 Pac. 1015]; *Union Collection Co.* v. *Buckman,* 150 Cal. 159, [88 Pac. 708]; *Kreamer* v. *Earl,* 91 Cal. 112, [27 Pac. 735]; *Ball* v. *Putnam,* 123 Cal. 134, [55 Pac. 773].)

"The general rule is that a lease, made with the knowledge and intention of the lessor that the demised premises are to be used for immoral or illegal purposes, is unenforceable and invalid." (24 Cyc. 908, and the many cases there cited from different states.)

In a few cases it has been held that mere knowledge on the part of the lessor that the lessee intends to use the premises for an illegal purpose will not prevent a recovery of rent; but an examination of the cases shows that they hold without conflict that where the lease is made with the purpose and intent that an unlawful business shall be carried on therein, no recovery can be had. And this is so, whether the illegality appear upon the face of the lease, or is proved by evidence *aliunde.*

Many of the cases arose out of lettings of premises to be used for immoral purposes, but the rule also applies in cases of violations of city ordinances.

In *Milne* v. *Davidson,* 5 Mart. (La.), N. S., 406, [16 Am. Dec. 189], it was held that the lessor could not recover rent of premises let for hospital purposes, there being an ordinance prohibiting private hospitals within the city limits.

A lease in violation of a city ordinance, prohibiting the occupancy of a part of a sidewalk for private purposes, is invalid, and cannot be made the basis of a suit for the recovery of rent. (*Heineck* v. *Grosse,* 99 Ill. App. 441.) To the same effect is *Romano* v. *Bruck,* 25 Misc. Rep. 406, [54

N. Y. Supp. 935], where it is said that "the inflexible rule is that no remedy can be had in a court of justice on an illegal contract."

We have examined the cases relied upon by the respondent, and do not think any of them are in point, or are opposed to the principles above stated. The cases arising out of the adoption of local option laws subsequent to the execution of the lease have no application to the facts of this case. The lease in this case on its face, in connection with the facts found by the court, provided for the carrying on of a business that could not at that time be possibly carried on without a violation of the law.

Neither are the respondents aided by the case of *Shedlinsky* v. *Budweiser Brewing Co.,* 17 App. Div. 440, [45 N. Y. Supp. 174], where the court held that the evidence did not show that a license could not have been lawfully granted and for this reason allowed a recovery by the lessor. In this case, however, the court said: "If it were not possible, at the date of this contract, to conduct a liquor saloon lawfully in these premises, then defendant's position is impregnable."

In the case at bar it was not possible at the date of the contract, or at any time since, to conduct a liquor saloon lawfully in the demised premises, and the position of defendants as to their nonliability for rent is, in the language of the case above cited, impregnable.

Defendants sought by a cross-complaint to recover for moneys spent in fitting up the premises for a saloon, but for the same reasons that plaintiffs cannot recover rent they cannot recover any expenses incurred by them under the lease.

Upon the facts found judgment should have been entered denying both plaintiffs and defendants any relief. Judgment is therefore reversed, and the court directed to enter judgment upon the findings, denying plaintiffs any relief upon their complaint, and denying defendants any relief upon their cross-complaint.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 8, 1909.