[Civ. No. 1890.    Third Appellate District.—September 30, 1918.]

## FERD A. SLOSS, Appellant, v. J. A. HOLLAND et al., Respondents.

PROMISSORY NOTE—UNLAWFUL CONSIDERATION—PROMOTION OF LOTTERY SCHEME.—In an action on a promissory note where it appeared that the consideration for the note was money loaned by the plaintiff to the defendants, for the express purpose of being invested and used in the promotion of a lottery scheme, the unlawful purpose for which the money was loaned was an inseparable part of the consideration for the note, and rendered the contract against public policy and void.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge.

The facts are stated in the opinion of the court.

H. N. Mitchell and H. N. De Wolfe, for Appellant.

Martin I. Welsh and Ralph H. Lewis, for Respondents.

BURNETT, J.—The action was brought upon a promissory note. Among the allegations found in the answer is this: "That the consideration if any for said instrument [referring to said promissory note] was and is contrary to the policy of law and contrary to good morals, in this: that the said twenty-five hundred dollars was on the date aforesaid invested by

plaintiff in said lottery business with the express understanding and intention and purpose that said money was to be used in operating said business for the joint benefit of defendant Holland and the plaintiff herein. That the said plaintiff well knew at the time he so invested the said twenty-five hundred dollars that he was investing the said sum in a business that was contrary to law and contrary to good morals.'' A motion was made by plaintiff to strike out the answer and also for a judgment on the pleadings, but each was denied by the court, and the appeal is from a final judgment in favor of the defendants. While the answer is somewhat open to criticism, and some averments are framed upon the erroneous theory that defendants could dispute the obvious character of the written instrument upon which the action is based, yet it does appear from said answer that the said two thousand five hundred dollars was advanced by plaintiff to defendants with the understanding and purpose of all the parties that it should be used for an unlawful purpose, namely, the promotion of a lottery scheme, and that it was so used.

In such case, the law permits an inquiry into the intention of the parties as to how the money shall be used, and, if it be found that a violation of the law is contemplated, the process of the court is not open to either party to enforce any pecuniary obligation that may seem to arise out of the transaction. Each must be content to rely upon the other's sense of honor and responsibility for the enforcement of any promise or supposed obligation. Of course, in ordinary transactions, it is of no concern of the courts what disposition is made of money borrowed, but not so when it is loaned for the express purpose of aiding in the violation of the criminal law. Such intention vitiates the whole transaction, and the contract is regarded as utterly without legal efficacy. Many cases might be cited to the point, but it is sufficient to refer to a few decisions of our supreme court.

In *Fuller* v. *Hutchings,* 10 Cal. 523, [70 Am. Dec. 746], the validity of a check given for a gambling debt was in controversy. The court said: ''As to all persons except a *bona fide* holder without notice, the check is void. The statute so expressly declares, and such would be the rule of law independent of the statute. . . . With checks, as with promissory notes, the presumption is that they are given upon a valid consideration, but this presumption being rebutted, the neces-

sity is thrown upon the holder of proving that he received it in good faith without notice of the illegality of the consideration.''

*Santa Clara Valley Mills & Lumber Co.* v. *Hayes,* 76 Cal. 387, [9 Am. St. Rep. 211, 18 Pac. 391], involved a contract for the manufacture and sale of lumber executed for the purpose of increasing the price of lumber, limiting its supply, etc. It was said: ''The general rule is, that an illegal contract is absolutely void and cannot form the basis of judicial proceedings. This is equally so in law and equity. The illegality vitiates the contract between the immediate parties, as well as in respect to third parties. A contract tainted with the vice of illegality creates no obligation, not because of the rights of the parties to it, but because the public is interested.''

In *Chateau* v. *Singla,* 114 Cal. 91, [55 Am. St. Rep. 63, 33 L. R. A. 750, 45 Pac. 1015], the action was for the dissolution of a partnership and for an accounting. The partnership was formed to carry on the business of letting furnished apartments for the purpose of prostitution. The court declared: ''If this contract of copartnership had for its purpose the letting of apartments for purposes of prostitution, and if the business of the copartnership, as pleaded by the answer, was the doing of this precise thing, then the copartnership contract was illegal, against good morals, against public policy, and against the express mandate of the statute, and equity would no more entertain an action founded on such a contract for the relief of either of the parties to it, than it would entertain an action between two thieves for an equitable division of their plunder. A void contract, a contract against public policy or against the mandate of the statute, may not be made the foundation of any action, either in law or in equity.''

*Union Collection Co.* v. *Buckman,* 150 Cal. 159, [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708], involved a promissory note given for a gambling debt. The court said: ''At the outset, therefore, it may be stated that it is clear that under the settled law of this state the consideration for such notes was *contra bonas mores* and unlawful (Civ. Code, secs. 1607, 1667), and, that McMahon (the payee) could not have recovered thereon.'' It was further held in that case that a renewal note given in place of the original

note and also a compromise of the claim based upon said illegal consideration were both tainted by the same illegality, and that the courts would not entertain any action to enforce the same, but would, even against the express consent of the parties, withhold all relief if the illegality of the consideration is made to appear.

We have a similar situation here. The case would be no different in principle if the action were for an accounting or for money had and received. The unlawful purpose for which the money was loaned to defendants is an inseparable part of the consideration for the note and renders the contract against public policy and void under the plain provisions of the statute. Accepting the theory either of a loan or of an investment, the result is the same.

In the absence of the evidence we must assume, of course, that the intention of the parties as to the use of the money was as contended for by respondents.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.