[Civ. No. 2954.   Second Appellate District, Division One.—May 19, 1920.]

G. M. PRATT, Respondent, v. J. M. PADGETT, Appellant.

[1] LANDLORD AND TENANT—USE OF PREMISES FOR UNLAWFUL PUR-
POSE—DAMAGES—KNOWLEDGE OF LANDLORD—ESTOPPEL.—A lessor
is estopped to claim damages from the lessee due to the fact that
the latter has conducted a gambling house in a residence leased by
the former to the latter, thereby injuring the reputation of the
house, where the lease of said premises was with the intention of
both parties that the same should be so used.

APPEAL from a judgment of the Superior Court of San
Diego County.  W. A. Sloane, Judge.  Affirmed.

The facts are stated in the opinion of the court.

E. L. Johnson for Appellant.

H. V. Richardson for Respondent.

SHAW, J.—From a judgment for $265 entered in favor
of plaintiff, the defendant has appealed upon the judgment-
roll.

The findings, in so far as applicable to the cause of action
upon which the judgment was rendered, are as follows: On
February 28, 1918, plaintiff was the owner, entitled to, and
in possession of certain personal property consisting of
tables, pictures, stools, cushions, water and wine glasses,
cuspidors, a quantity of assorted liquors, one ice-box, two
thousand chips, and a faro card-case and check-rack, of
the value of $265, all of which defendant on said date
wrongfully and unlawfully took possession of and converted
to his own use.  That these findings fully support the
judgment rendered is not open to the slightest question.
[1] It is true that, in response to the allegations of a
cross-complaint filed by defendant, wherein he sought a
judgment against plaintiff for damages due to the fact that
plaintiff had conducted a gambling house in a residence

1. Effect of landlord's knowledge that tenant intends to use
premises for purposes of gaming, note, 19 L. R. A. (N. S.) 662.

leased to him by defendant, thereby injuring the reputation of the house, as to which the court found that such lease of said premises so made by defendant to plaintiff was with the intention of both parties that the same should be so used, and hence, as held by the court, defendant was estopped from claiming damages by reason of such use. In other words, as to defendant the court applied the well-recognized rule that no recovery can be had by either party to a contract having for its object the violation of law. As said in *Dunn* v. *Stegemann,* 10 Cal. App. 38: "Where it appears that a contract has for its object the violation of law, the court should *sua sponte deny any relief to either party.*"

The lease of the house for an unlawful purpose, so far as shown by the findings, had no connection with defendant's act in wrongfully converting plaintiff's property to his own use, and which presumably he took to reimburse himself for the alleged damage sustained. For aught that appears to the contrary, the property converted might have been elsewhere than in the building let by defendant to plaintiff and which was used for gambling purposes. However this may be, there is nothing in the findings which brings the unlawful act of defendant within the rule invoked by appellant.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.