HAYWARD BROS. V. FRANK J. RAMGE.

[FILED JANUARY 27, 1892.]

1. **Landlord and Tenant: USE OF PREMISES.** A tenant has no right to devote the demised premises to a business prohibited by the lease, without the consent of the owner.

2. ———: **EVICTION.** When a tenant is deprived of the use and enjoyment of the property by the acts of the landlord, the obligation to pay rent ceased. To have that effect, the acts of the lessor in interference with the lessee's possession must clearly show that it was the intention of the lessor that the lessee should no longer continue to hold the premises. A mere trespass by the landlord, without any intention of depriving the tenant of the enjoyment of the premises, will not constitute an eviction.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Isaac Adams*, for plaintiffs in error, cited: Wood, Landlord and Tenant, 649, 796, 812; Gear, Landlord and Tenant, secs. 1, 87, 88, 89, 91, 92, 128, 915, 926; Woodfalls, Landlord and Tenant, 310; *Hall v. Gould*, 13 N. Y., 127; *Linden v. Hepburn*, 5 How. Pr. [N. Y.], 188; *Rutzen v. Lewis*, 5 Adolf. & El. [Eng.], 277*; Cooley, Torts, 326; *Home Life Ins. Co. v. Sherman*, 46 N. Y., 370.

*Parke Godwin*, contra, cited: Wood, Landlord and Tenant [2d Ed.], secs. 511, 845; page 844; *Ladd v. Smith*, 6 Ore., 316; *Thomas v. Nelson*, 69 N. Y., 119; *Townsend v. Albers*, 3 E. Smith [N. Y.], 560; *Prentiss v. Warne*, 10 Mo., 602; *Bloomer v. Merrill*, 1 Daly [N. Y.], 485; *Morris v. Tilson*, 81 Ill., 607; *Elliott v. Aiken*, 45 N. H., 30; *Fuller v. Ruby*, 10 Gray [Mass.], 285.

Hayward v. Ramge.

NORVAL, J.

This is an action to recover rent brought by Frank J. Ramge. There was a trial in the court below upon an agreed statement of facts, with judgment against Hayward Bros., the defendants, for $680.91, to reverse which they bring error. The stipulation of facts is as follows:

"On the 26th day of March, 1887, plaintiff leased in writing to the defendants room 407 and basement thereunder on the ground floor of the store and office building known as the Ramge Block, on the southeast corner of Fifteenth and Harney streets, Omaha, Nebraska, for a term of three years from the date when the lessee should enter into possession of said premises, at the rental rate of $100 per month, payable monthly in advance, which said lease is hereto annexed and made part hereof.

" 2. Defendants entered into possession of said premises on the 15th day of July, 1887, with a boot and shoe business in accordance with the terms of said lease, which said business they continued to carry on therein until the 1st day of November, 1888, on which day, without plaintiff's consent, defendants vacated said premises, and removed their stock of goods therefrom to their present boot and shoe store on Douglas street in said city.

"3. That during the months of November and December, 1888, said premises were unoccupied, but defendants continued to pay the rent therefor up to the 1st day of January, 1889, under and in accordance with the terms of said lease.

" 4. That on the 30th day of December, 1888, defendants unloaded upon the sidewalk in front of said premises a load of baled hay, without the knowledge or consent of plaintiff, and proceeded to put said hay into said store-room for the purpose of using said store for a hay and feed store. That thereupon plaintiff, as soon as he discovered defendants' movements in that behalf, stationed himself in the

door of said store-room and forbade defendants putting said hay into said store-room for such purpose, for the reason that the use of said room for such purpose was a violation of the terms of said lease.

"5. That defendants insisted then and there upon using said premises for the purpose of carrying on a hay and feed business therein, but plaintiff then and there denied the right of defendants to use said premises for such purposes, and refused to permit defendants to enter said premises for the purpose of putting in a stock of goods in said hay and feed business, and that plaintiff ordered defendants to remove the hay they had put in said room before plaintiff discovered same, and upon their refusal to do so, removed the hay himself from said store-room out upon the sidewalk, from which last place defendants .hauled the same away; that thereupon defendants vacated said premises and left the keys in the door, and have never since occupied said premises.

"6. That on the next morning plaintiff sent said keys to defendants with a letter, a copy of which is hereto attached; but defendants returned said keys to plaintiff with a message that they no longer considered themselves tenants of said premises, and have ever since refused to recognize said tenancy.

"7. That immediately thereupon plaintiff informed defendants in writing, copy of which is hereto attached, that he, plaintiff, would lease said premises to the credit and upon the account of the defendants, for the best rental he could secure, but that he would hold defendants liable to him for the difference between such rental as he might obtain and the amount agreed to be paid by defendants under said lease.

"8. That subsequently plaintiff leased said premises on account of and to the credit of defendants and gave them due notice thereof in writing (copy hereto attached) upon as favorable terms as the market afforded, and gave de-

fendants due credit with all the rents thus received; and that the difference between the rental thus received ·by the plaintiff and the amount agreed to be paid by defendants according to the terms of said lease for said term of three ·years is the sum of $680.91, for which sum, if the court finds defendants liable under these facts, judgment shall be .entered in favor of plaintiff and against defendants."

It is claimed by the plaintiffs in error that the acts of the landlord mentioned in the stipulation constituted in law an eviction, and therefore they are released from the payment of rent.  It must be conceded that where a tenant is evicted from demised premises by his landlord he is not bound to pay any rent accruing during such eviction.  Such undoubtedly is the rule.

In determining whether the acts of the defendant in error terminated the lease it is important to bear in mind the terms of the lease and the purposes to which the premises were about to be devoted at the time of the alleged eviction.  The written lease contained a provision to the effect that the lessees should not use the premises for any other purpose than a boot and shoe store, and that, upon the breach of any condition of the lease on the part of Hayward Brothers, the lessor, at his option, was authorized to declare the lease at an end, retake possession of the premises, and remove all persons therefrom.  According to the stipulation of the parties, the defendants below occupied the premises for a time as a boot and shoe store, and then removed their stock therefrom, leaving the room vacant for two months, at the expiration of which time the tenants, in violation of the lease, commenced putting into the building a quantity of baled hay, preparatory to using the premises as a hay and feed store.  Thereupon the defendant in error objected to the use of the building for such business, and ordered ·the plaintiffs in error to remove from the room the hay that had already been stored, and upon their refusal so to do, Mr. Ramge removed the same from the building to the sidewalk.

The plaintiffs in error had no right to devote the building to a use different from that stipulated in the lease, without the consent of the owner. A landlord may by contract lawfully restrict his tenant's use of the property, and, in case of such agreement, if the latter use the demised premises for a purpose prohibited by the lease, it is a breach of the agreement for which the law affords relief. (*Steward v. Winters*, 4 Sanf. Ch. [N. Y.], 628; *Dodge v. Lambert*, 2 Bosw. [N. Y.], 570; *Brouwer v. Jones*, 23 Barb. [N. Y.], 153; *De Forest v. Byrne*, 1 Hilton [N. Y.], 43.)

The defendant in error had a perfect right to refuse his assent to the carrying on the hay and feed business in his building, and his objecting to the tenant's so using and occupying the same was not such an interference by the landlord as amounted in law to a termination of the lease, nor did it release the tenants from liability for rent; nor did the removal of the hay from the building by the landlord, under the circumstances, constitute an eviction. It was not done with the intention of depriving the tenants from the use and enjoyment of the premises for the purposes for which they were leased, but only to prevent their being devoted to a business not contemplated by the parties. At most, the removal of the hay from the building was a mere trespass, which did not amount to an eviction of the lessees. To terminate a lease by a landlord his acts must amount to such an interference with tenant's possession as to clearly indicate an intention on his part that the tenant shall not longer continue to hold the premises. (*Lounsbery v. Snyder*, 31 N. Y., 514; *Edgerton v. Page*, 20 Id., 281; *Hayner v. Smith*, 63 Ill., 430; *Morris v. Tillson*, 81 Id., 607; *Lynch v. Baldwin*, 69 Id., 210; *Bartlett v. Farrington*, 120 Mass., 284; *Cushing v. Adams*, 18 Pick., 110; *Mirick v. Hoppin*, 118 Mass., 582.)

Although the defendant in error had the right to terminate the lease for the breach of its conditions by the

tenant, yet he failed to avail himself of the option, but chose to consider the agreement in force.

The plaintiffs in error, without legal cause, voluntarily abandoned the premises and left the key in the door, and on the following morning Mr. Ramge sent the key to the tenants, which they declined to accept. The plaintiff did right in leasing the premises for and on account of the defendants, having previously notified them of his purpose so to do. The reletting of the building, in view of the facts disclosed by the record, does not establish a surrender of the property, and the defendants are liable for the difference between the rent thus received and the amount of the rent reserved by the lease. (*Allen v. Saunders*, 6 Neb., 436; Wood, Landlord & Tenant, 847 ; *Bloomer v. Merrill*, 1 Daly, 485.) The judgment is

AFFIRMED.

THE other judges concur.