(7 Misc. Rep. 490.)

### FORSTER v. EBERLE.

(Common Pleas of New York City and County, General Term. March 6, 1894.)

LANDLORD AND TENANT—RENT—EVICTION BY BOARD OF HEALTH.

 A lessee of a stable was notified by the board of health to remove all horses from the premises, that the stabling of horses therein be discon-tinued, and that any application for extension of time should be made to the department within a certain time. Plaintiff removed his horses

as required by the notice, without applying to the board of health for an extension of time or suspension of its requirements. It did not appear that any provision of the sanitary code had been violated in maintaining the stable. *Held*, that defendant was not evicted by the board of health, and was therefore liable for rent.

Appeal from Sixth district court.

Action by John S. Forster against David Eberle for rent. Defendant sets up as a defense that he had been dispossessed by order of the board of health. From a judgment in favor of plaintiff for $88 rent and $17 costs, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

N. W. Tompkins, for appellant.

O. F. Finnerty, for respondent.

PER CURIAM. The plaintiff leased to defendant for one year from May 1, 1891, the stable in the rear of 251 and 253 Hudson street, in this city, "to be occupied as a stable, and not otherwise." On August 20, 1891, defendant was served with a notice from the board of health, requiring him, in alleged conformity with the provisions of the sanitary code, "to alter, repair, cleanse, and improve the premises" as follows, viz.: "That all horses be removed from the premises, and the stabling of horses thereat be discontinued," and notifying him that any application for necessary extension of time or for suspension of any part of the requirements must be made to the department within three days from receipt of the notice. The defendant, on August 27, 1891, discontinued the use of the premises, and resists the claims for rent accruing after that date. The plaintiff recovered the rent unpaid for the whole term. The defendant proved at the trial the provisions of the sanitary code (section 53): "That no cattle, swine, or sheep, geese, goats, or horses, shall be yarded within or adjacent to the built up portions of the city of New York, without the permit of this department, or otherwise than according to its regulations." The tenant made no application to the board of health for an extension of time or suspension of the requirements of the notice. There was no eviction by the landlord, and no final order of the board of health after the hearing of the application for suspension which the tenant was entitled to request under the notice. The tenant voluntarily abandoned the premises without contest. If he is therefore relieved from the payment of rent, any lessee, by collusively procuring such a notice to be issued, and by immediately complying with it, might terminate his lease. And it does not appear that there was any violation of any provision of the sanitary code. The "yarding" of cattle, swine, sheep, geese, goats, or horses is a wholly different thing from the stabling of horses in a properly kept stable. If the lessee kept the horses in the yard instead of in the stable, or failed to keep the stable clean, so as to authorize the interference of the board, that is his fault. But the whole case fails to disclose facts which gave the board of health jurisdiction under the section in question. Judgment affirmed, with costs.