## GOODRUM TOBACCO CO. *v.* POTTS-THOMPSON LIQUOR CO.

Though a lease contract provided "that the purpose of this lease is for the operation by second party of a general retail liquor business," the lessee is not absolved from paying the rent agreed to be paid because since the commencement of the lease the legislature enacted a law prohibiting the sale of alcoholic, spirituous, malt, or intoxicating liquors, and thus the demised tenement can not be thereafter used for the conduct of a liquor business, in the absence of a stipulation in the lease contract relieving the tenant from payment of rent accruing after the happening of such contingency.

Decided February 16, 1910.

Action for breach of contract. Before Judge Ellis. Fulton superior court. January 9, 1909.

*Moore & Pomeroy, Dorsey, Brewster, Howell & Heyman,* and
*W. W. Hood,* for plaintiff.

*Wimbish, Watkins & Ellis,* for defendant.

Evans, P. J.   J. T. Pendleton, as administrator of the estate
of G. W. Collier, leased to the J. J. Goodrum Tobacco Company, a
corporation, a certain tenement in the City of Atlanta for a term
of five years, commencing on the 1st day of October, 1906, for the
annual sum of $75,050, payable in advance by equal monthly in-
stallments.   The lease contained this provision:   "The said party
of the second part has the right to sublet the whole or any part of
said building; first party to have right to pass upon the respecta-
bility and standing of said sublessees.   The party of the second part
shall have the right to sublet to any one for the purpose of con-
ducting a saloon in the rear portion of the first floor, where the
same is now located, but in no other part of the building, and said
party of the first part shall have the right to pass upon the person
who shall conduct said business."   Afterwards the J. J. Goodrum
Tobacco Company subleased a part of the tenement to the Potts-
Thompson Liquor Company for a term of five years, commencing
on October 1st, 1906, for the sum of $37,500, payable $625.00 per
month in advance.   The lease contained the following clause:
"The purpose of this lease is for the operation by second party of
a general retail liquor business."   After the act prohibiting the sale
of alcoholic, spirituous, malt, or intoxicating liquors went into
effect, the sublessee refused to pay any rental accruing thereafter,
abandoned the premises, and announced its intention that it would
no longer occupy the building or pay any future rental as provided
in the lease; whereupon the J. J. Goodrum Tobacco Company
brought suit against the Potts-Thompson Liquor Company to re-
cover the rents alleged to be due at the time of the filing of the
suit, and for damages for the breach of the contract of lease.   The
petition was dismissed on demurrer, and the plaintiff excepts.

We do not deem it necessary for the decision of this case to de-
cide whether the clause that "the purpose of this lease is for the
operation by second party of a general retail liquor business"
denotes only permission to conduct that particular business, or re-
stricts the tenant from devoting the premises to other lawful
beneficial use.   In either event the tenant would not be relieved
from the payment of rent.   During the civil wars in the reign of

Charles I, in an action of debt for rent the defendant pleaded, by way of excuse for the non-payment of the rent, that he had been driven from the premises by the public enemies, viz., Prince Rupert and his soldiers; but the court held that neither the hostile army nor an inundation, or other casualty, would abate the payment of rent where the tenant expressly covenants to pay rent. Paradine *v.* Jane, Aleyn, 26. Chancellor Kent says that the reason of this rule, which has become fixed and settled in the common law, is that "if a party will voluntarily create a duty or charge upon himself, he ought to abide by it when the other party is not in fault, and when he might have provided, if he had chosen, against his responsibility in case of such accidents." 3 Kent's Com. 467. The rule finds expression in the Civil Code, § 3125: "The destruction of a tenement by fire, or the loss of possession by any casualty, not caused by the landlord or from defect of his title, shall not abate the rent contracted to be paid." It was applied in *Guthman* v. *Castleberry*, 49 *Ga.* 272, where it was held that an extraordinary fall of snow, which caused the roof of the demised tenement to leak to the damage of the tenant's goods, would not have the effect of abating the rent contracted to be paid. In *Lawrence* v. *White*, 131 *Ga.* 840 (63 S. E. 631, 19 L. R. A. (N. S.) 966), the demised tenement was a hotel building described in the lease contract as consisting of "the corridor, office, bar, barber-shop, etc." The tenant claimed partial abatement of the rent agreed to be paid, because after the lease the legislature had passed an act prohibiting the sale of alcoholic, spirituous, malt, or intoxicating liquor, and the barroom could no longer be used for the purpose of conducting such business; and this court held that in the absence of any provision in the contract of lease for that purpose the tenant was not entitled to a reduction of the agreed rental. While the question now up is the tenant's liability for refusal to pay the rent because he rented the entire premises for barroom purposes, and in *White* v. *Lawrence* the tenant rented the premises for the purpose of conducting other business in addition to a barroom, and only claimed a proportionate reduction in the rent, yet the underlying principle of the tenant's liability to pay rent is the same. The reasoning of the court was, that, from the nature of the business, the sale of intoxicating liquors was embraced in the State's police power of regulation or entire prohibi-

tion; that the lessee took the tenement subject to the legislature's prohibition of the sale of intoxicating liquors; and that, if the tenant desired to protect himself against any possible change of the law, it was his duty to so stipulate in the contract, and it was his fault if such stipulation was omitted; that the landlord neither contracted nor warranted that the law would remain unchanged; and that the tenant is not excused from the payment of the rent, either in whole or in part, because since the passage of the prohibition act he is prevented by the law from conducting a business made illegal by that act. We think the court erred in dismissing the petition on demurrer.

*Judgment reversed. All the Justices concur.*