Argued February 5, affirmed February 25, 1919.

## FRITZ v. RIGGS.

(178 Pac. 799.)

**Landlord and Tenant — Leases — Construction — Failure to Procure Liquor License.**

1. Where a lease of premises for saloon purposes provided that if, for any reason, the sale of liquor in the precinct should be prohibited by law or ordinance, the lessees should have the right upon 30 days' notice to declare the lease void, *held,* that up to the time prohibition went into effect the lessees could not declare the lease void, although the municipal authorities declined to renew a license, on the ground that it would be against public policy to allow a saloon to be operated at that point.

[As to rights of landlord and tenant *inter se* under lease of tenement for saloon purposes where subsequently the tenant is prohibited from using premises for such purposes, see note in Ann. Cas. 1913E, 262.]

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

This is a suit in the nature of a cross-bill to declare canceled a lease from respondent to appellants, and to enjoin the respondent from proceeding in an action at law which had been begun by him to collect rent from the appellants upon such lease. The lease was for a period of ten years and more, and would normally expire the fifteenth day of October, 1921. On or about the first day of May, 1915, appellants notified the respondent, the lessor, that the appellants the lessees, would, in thirty days from the date of said

notice, vacate said premises and declare said lease null and void, for the reason that the appellants had been refused a license by the City of Portland to sell or dispose of liquor in said premises. One half of the lower floor of the demised premises was occupied for saloon purposes and was so occupied at the time the lease was made. The lease contained the following provisions:

"It is hereby agreed and understood that the said premises are to be used by the lessees as and for a saloon and for the sale of liquor therein, and that there shall be no restrictions by reason of the same.

"It is further agreed and understood between the parties hereto, that if, prior to the expiration of the said term, any change may be made in the laws of the state of Oregon, or in the ordinances of the City of Portland, applicable to the precinct in which said demised premises are situated, which shall prevent the use of said premises for saloon purposes, or if for any reason the sale of liquor in said *precinct* shall be prohibited by law or ordinance, then and in that event the lessee shall have the right upon giving thirty days' notice in writing to the said lessor, to declare the lease null and void."

In response to said cancellation notice, respondent denied appellants' right to cancel the lease and declined to treat the lease as canceled until the first day of January, 1916, the date when the constitutional amendment and statute prohibiting the sale of intoxicating liquors would go into effect. The question litigated was whether the appellants had the right to and did cancel the lease as of the first day of June, 1915, or whether the lease remained in effect for the remainder of the year, namely, until January 1, 1916. In the latter case, respondent was entitled to proceed with his action at law to collect the rent accruing after

as well as before June 1st. The amended cross-bill does not rely upon any change of law or ordinance, but bases the right to cancel solely upon allegations that appellants applied for a liquor license the twenty-fifth day of April, 1915, in accordance with the requirements of the city ordinance, and that on April 28, 1915, their application was refused. The cause, being tried upon its merits, was determined in favor of respondent and a decree rendered dismissing appellants' suit. From this decree plaintiffs appeal.     AFFIRMED.

For appellants there was a brief over the names of *Mr. Ralph E. Moody* and *Mr. A. Walter Wolf,* with an oral argument by *Mr. Moody.*

For respondent there was a brief over the name of *Messrs. Flegel, Reynolds & Flegel,* with an oral argument by *Mr. John W. Reynolds.*

McBRIDE, C. J.—1. As will be observed from the foregoing statement, the right to terminate the lease was conditioned upon the happening of a particular contingency, namely: Such a change in the laws of Oregon, or the ordinances of the City of Portland, as should prevent the sale of liquor in the precinct where the leased premises were situated.

There was no change made in the laws of the state, or in the ordinances of the city, during the time for which defendant claimed the right to recover rent, and the sale of liquor in the precinct was not prohibited by law or ordinance. The plaintiffs asked for a renewal of their license but it was refused by the mayor and council on the ground that the building was situated so near one of the public bridges across the Willamette River that it would be against public policy

to permit a saloon to be operated at that point.   The sum and substance of plaintiffs' contention is, that having been refused a license it became impossible for them to carry on the business for which the building was leased, and that they are therefore within the cancellation clause before recited.   While the situation of plaintiffs is unfortunate the court cannot afford them relief.   To do so would be to make for the parties a contract different from that which they themselves have executed.   It is well settled by numerous decisions that the failure to obtain a license, or the failure to secure the renewal of a license, to sell liquors will not authorize the cancellation of a lease in cases such as the present: *Burke* v. *San Francisco Breweries,* 21 Cal. App. 198 (131 Pac. 83); *Gaston* v. *Gordon,* 208 Mass. 265 (94 N. E. 307); *Burgett* v. *Loeb,* 43 Ind. App. 657 (88 N. E. 346); *Goodrum Tobacco Co.* v. *Potts Thompson Liquor Co.,* 133 Ga. 776 (66 S. E. 1081, 26 L. R. A. (N. S.) 498); *Lawrence* v. *White,* 131 Ga. 840 (63 S. E. 631, 15 Ann. Cas. 1097, and notes, 19 L. R. A. (N. S.) 966).

Many other decisions might be cited to the same effect, but it is sufficient to observe that the vast weight of authorities coincides with the views expressed in those above enumerated.   In this view of the case consideration of the other questions presented becomes unimportant and the decree is affirmed.   AFFIRMED.

BENSON, HARRIS and BURNETT, JJ., concur.