19741.  SINCLAIR REFINING COMPANY *et al. v.* STOVALL.

STEPHENS, J.  1. It is not essential to a tortious eviction of a lawful occupant of premises that the eviction be accompanied with physical force. It may be accomplished by duress and intimidation, or by a demand for possession under a show of authority in the evictor. Where a tenant occupies premises under a lease contract whereby, if he has not violated the contract, he can not be forced by the landlord to vacate the premises without thirty-days notice from the landlord, and where a person who, apparently to the tenant, acts for and with authority from the landlord, and, with threats and intimidation, demands of the tenant immediate possession of the premises, threatening to dispossess him immediately, the act of the tenant in immediately vacating the premises in accession to this demand and threat, and after a protest by the tenant against the other person's right to evict him, does not as a matter of law amount to a voluntary relinquishment of the premises by the tenant, in response to the other person's demand, but this person's act, under the circumstances, amounts to a tortious and unlawful eviction of the tenant, and affords the tenant a right of action in damages against the person who has thus unlawfully and tortiously evicted him.  See, in this connection, *Potts-Thompson Co.* v. *Capital City Tobacco Co.,* 137 *Ga.* 648 (74 S. E. 279) ; 36 C. J. 267.

2. In a suit by a tenant against several defendants, to recover of them damages for the alleged unlawful eviction by them of the plaintiff from the rented premises, where there was adduced upon the trial evidence that the plaintiff occupied as a tenant certain premises which had been leased to him by one of the defendants for use in the handling of the lessor's petroleum products, in the operation of a service station, under a contract which could not be terminated at the option of either

party except upon thirty-days written notice, that one of the defendants, who at the time was an agent of the lessor, came to the plaintiff's place of business, and, under a threat of immediately dispossessing the plaintiff, demanded of him the immediate surrender of the premises and a sale and transfer by the plaintiff of the business to two other persons who were present at the time, one of whom came with the lessor's agent, that the lessor's agent had, prior to this time, promised to this person a transfer of the plaintiff's lease, that the lessor's agent had before this spoken slurringly of the plaintiff and had stated that he intended to evict the plaintiff, that the lessor's agent stated to the plaintiff that these persons proposed by him as purchasers of the plaintiff's business would pay to the plaintiff the invoice price of his goods and a $50 bonus, that the plaintiff then protested against the agent's proposal, on the ground that the plaintiff could, to better advantage to himself, transfer his lease to another person that he had in mind, that it was unjust to the plaintiff to be forced to make this disadvantageous sale, that the plaintiff, at the time not being aware of his rights, then and there accepted this proposal of the lessor's agent and assisted one of the purchasers in making an inventory of the stock of goods and accepted a check representing the invoice price of the goods and the $50 bonus, and surrendered possession of the premises to the purchasers, the inference is authorized that the agent of the lessor and the persons who thus purchased the plaintiff's business, and who were present at the time of the transactions indicated between the lessor's agent and the plaintiff, by their conduct combined and conspired to effect an unlawful eviction of the tenant from the premises.

4. It appearing that the plaintiff's lessor, who was one of the defendants, had accepted, in lieu of the plaintiff, the new tenants procured by the lessor's agent and who bought out the plaintiff's business, and it appearing from the evidence that the plaintiff, in the conduct of the business which he conducted under his lease, dealt with the person denominated as the lessor's agent, and who was, during such dealings, the agent of the lessor, the inference is authorized that the lessor's agent, in procuring the transfer of the plaintiff's lease and the sale of the plaintiff's business, was at the time acting within the scope of his authority as agent of the lessor.

5. The evidence authorized the inference that all the defendants, viz. the lessor, the lessor's agent, and the two persons who it is alleged were present with the lessor's agent at the plaintiff's place of business on the occasion when the surrender and sale of the plaintiff's business was procured as indicated, were guilty of effecting a tortious and unlawful eviction of the plaintiff.

6. Where, in response to an objection made by counsel for the defendants, that counsel for the plaintiff was making an improper argument by suggesting to the jury that they need not hesitate to return a verdict against the two defendants who it was alleged were the purchasers of the plaintiff's lease and business, as a judgment against them would be paid by the defendant lessor, the court stated that it was proper for counsel to argue the law of the case and the court would charge the jury that if they should find that the two defendants who it was

216

alleged were the purchasers of the plaintiff's lease and business, and who were the only resident defendants sued, were not liable, no verdict could be found against the other defendants, as they were nonresidents, this statement by the court was a correct statement of law applicable to the case, and was not error.

7. The petition set out a cause of action ex delicto against all the defendants and was not subject to the objection that it contained a misjoinder of parties or of actions, and was not otherwise subject to the demurrers interposed.

8. The verdict found against all the defendants was authorized, and no error appears. The judge of the superior court did not err in refusing to sustain the certiorari sued out by the defendants.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1930.

*John I. Kelley,* for plaintiffs in error.
*O. A. Nix, A. G. Liles,* contra.